IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00114-M

| | |
|---|---|
| WAKE CHAPEL CHURCH, INC., ) <br> ) <br> Plaintiff/Counter Defendant, ) <br> ) <br> v. ) <br> ) <br> CHURCH MUTUAL INSURANCE CO., ) <br> SI., ) <br> ) <br> Defendant/Counter Claimant. ) <br> ) | **OPINION AND ORDER** |

This matter comes before the court on Defendant's post-trial motion for judgment as a matter of law after trial (JNOV) or, in the alternative, for a new trial ("Motion") [DE 125].

For the reasons that follow, the Motion is DENIED.

I.     **Statement of the Case**[1]

This is an insurance coverage dispute over alleged damage to Plaintiff Wake Chapel Church, Inc's ("Wake Chapel") sanctuary building in late 2018. Wake Chapel first filed a lawsuit in North Carolina state court, which Defendant Church Mutual Insurance Co. ("CMIC") removed to the Eastern District of North Carolina on March 8, 2021. *See* [DE 1]; [DE 1-1]. Wake Chapel originally brought four claims for relief: (1) declaratory judgment for insurance coverage in its favor; (2) breach of contract; (3) unfair and deceptive trade practice; and (4) bad faith. *See* [DE 18]. Only Wake Chapel's claims for declaratory judgment and breach of contract survived summary judgment.[2] *See* [DE 53].

The Wake Chapel campus includes two separate buildings: the Life Enrichment Center ("LEC") and the sanctuary building ("Sanctuary"). Both buildings are covered by an "all-risk" insurance policy issued by CMIC. [DE 36] 1 ("Policy"). The policy's effective dates are May 31, 2016 to May 31, 2019. *Id.* The Policy covers any "direct physical loss of or damage to [the LEC or Sanctuary] described in the Declarations Page caused by or resulting from any Covered Cause of Loss." [DE 20-1] 95. "Covered Cause[s] of Loss" are defined as "Risks of Direct Physical Loss unless the loss is: (a) Excluded . . ., or (b) Limited . . . ." [DE 20-1] 113.

On or about December 11, 2018, several inches of snow accumulated in the areas in and around Wake Chapel ("Snow Event"). [DE 36] 2. Following the Snow Event, CMIC consultants and Wake Chapel's public adjuster, Scott Lockamy, identified scratches on certain portions of the Sanctuary roof. [DE 36] 4. Wake Chapel later made a claim to CMIC under the Policy for the damaged Sanctuary roof ("Snow Claim").

---

[1] The court provided a thorough statement of facts in its prior orders. *See* [DE 53]; [DE 72].
[2] Defendant counterclaimed for declaratory judgment in its favor. [DE 20] 16.

The court held a jury trial on the remaining claims beginning July 18, 2024 [DE 115]. At trial, the parties presented evidence regarding whether the Snow Event was a Covered Cause of Loss under the Policy, largely through testimony of their competing engineering experts, Lyle Hogan (for Wake Chapel) and Howard Rigsby (for CMIC). The jury found that Wake Chapel was entitled to coverage under the Policy for the Snow Claim and awarded Wake Chapel damages of $1,100,000.00. [DE 120]; [DE 122]; [DE 138].

In its Motion, CMIC argues the court should vacate the jury verdict and instead award judgment in its favor or, alternatively, hold a new trial, for three reasons: (1) the court misinterpreted North Carolina law regarding coverage in "all-risk" insurance policies; (2) based on evidence admitted at trial, there is no issue of triable fact regarding coverage of the Snow Claim under the Policy; and (3) Wake Chapel failed to meet its burden at trial as to damages. [DE 125]; [DE 140].

II. **Legal Standard**

Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Once a jury has returned its verdict, there are limited circumstances that allow the court to overturn it. *See Dennis v. Columbia Colleton Med. Ctr., Inc. et al.*, 290 F.3d 639, 644 (4th Cir. 2002). Pursuant to Fed. R. Civ. P. 50, a district court may grant a motion for directed verdict or judgment as a matter of law only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party." Fed R. Civ. P. 50. In other words, if, "giving [the non-movant] the benefit of every legitimate inference in his favor, there was evidence upon which a jury could reasonably return a verdict for him," a motion for directed verdict or judgment

as a matter of law must be denied. *Abasiekong v. City of Shelby et al.*, 744 F.2d 1055, 1059 (4th Cir. 1984); *accord Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1419 (4th Cir. 1991). Judgment as a matter of law may be granted only when there is no substantial evidence to support recovery by the party against whom the motion is directed. *See Benesh v. Amphenol*, 52 F.3d 499, 502 (4th Cir. 1995).

District courts have broad discretion over whether to grant a motion for new trial under Fed. R. Civ. P. 59(a). *See Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). When joined with a renewed motion for judgment as a matter of law, an alternate request for a new trial is governed by the Rule 59(e) standard. Fed R. Civ. P. 59(e); *see Vanwyk Textile Sys., B. V. v. Zimmer Mach. Am., Inc.*, 994 F. Supp. 350, 358 (W.D.N.C. 1997). Under that standard, a new trial will be ordered if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). Unlike a motion for directed verdict, the court is permitted to consider the credibility of witnesses and weigh the evidence on a motion for new trial under Fed. R. Civ. P. 59(e). *Cline*, 144 F.3d at 301.

### III. Discussion

#### A. Motion for Judgment as a Matter of Law

CMIC argues that, notwithstanding the jury verdict, it is entitled to judgment as a matter of law because the court misinterpreted North Carolina law regarding coverage under "all-risk" insurance policies, there is no issue of triable fact regarding coverage of the Snow Claim under the Policy, and Wake Chapel failed to meet its burden as to damages. [DE 125]; [DE 140]. As a general rule, a jury verdict in a trial that involved simple issues and highly disputed facts should

4

Case 5:21-cv-00114-M   Document 144   Filed 03/31/25   Page 4 of 8

generally be left undisturbed. *Har-Tzion v. Waves Surf & Sport, Inc.*, No. 7:08-CV-137-D, 2011 WL 13234295, at *3 (E.D.N.C. May 11, 2011) (citing *Williams v. City of Valdosta*, 689 F.2d 964, 974 (11th Cir. 1982)).

As for the first argument, CMIC asks the court to revisit several prior rulings, covering pretrial motions for summary judgment through jury instructions. *See, e.g.*, [DE 53]. The court will not revisit these.

Second, CMIC argues that no reasonable jury could have determined that the Snow Claim was a Covered Cause of Loss under the Policy. CMIC bases this argument on the purportedly inadequate testimony of Wake Chapel's engineering expert Lyle Hogan, specifically regarding whether: (1) the damage commenced during the Policy period; (2) the snowfall in December 2018 was fortuitous; and (3) the damage was wholly the result of inherently defective roof panel coating; and (4) Hogan invited the jury to speculate on what caused vertical scratching on the Sanctuary Roof. [DE 140] 14–19.

Drawing all inferences in Wake Chapel's favor, a reasonable jury could consider the evidence at trial and determine that the Snow Claim was covered by the Policy. *See Abasiekong*, 744 F.2d at 1059. For instance, as for the time of damage to the Sanctuary roof, the jury considered testimony regarding Sanctuary roof inspections prior to December 2018 which ostensibly revealed no roof scratching. [DE 133] 88–89. The jury also listened to evidence regarding the regional snowfall in December 2018 and determined that snowfall was fortuitous, or "[not] certain to occur." [DE 100] 19; *see id*. at 35 (instructing jurors to weigh evidence "in light of your common sense"). Moreover, Mr. Hogan testified that, based on behavioral differences he observed between the panel coating on the east and west wings of the Sanctuary, he did not believe the roof damage was wholly the result of an inherent defect in the coating product. [DE 135] 206. Defendant

5

essentially asks the court to weigh the evidence and appraise the credibility of witnesses, which the court cannot do. *See Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 318 (4th Cir. 1992). Put another way, Plaintiff's evidence in support of Snow Claim coverage is not "totally incredible on its face," thus the court must credit the jury's factfinding. *Duke*, 928 F.2d at 1419.

Third, Defendant argues that Plaintiff failed to carry its burden on damages. [DE 140] 19–20. As an initial matter, the court did not foreclose Plaintiff's argument for recovery on an Actual Cash Value ("ACV") basis at trial. [DE 72] 7–8. The jury was provided the precise Policy language regarding election of ACV in the instructions. [DE 100] 29–30. Plaintiff presented evidence via witness testimony that it elected recovery for the Snow Claim on an ACV basis. *See, e.g.*, [DE 135] 37–38. Defendant's engineering expert Howard Rigsby testified about costs of Sanctuary roof panel replacement, [DE 135] 114, and Plaintiff presented cost estimates by Gardner Roofing and Scott Lockamy. [DE 136] 78–79. Considering this evidence and the court's instructions, the jury reasonably arrived at the ultimate damage award. Again, the court cannot substitute its own judgment of the evidence, particularly where the subject matter of trial is easily contemplated by a lay jury. *See Abasiekong*, 744 F.2d at 1059.

Finding a "legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party[,]" the court denies Defendant's motion for judgment as a matter of law. Fed R. Civ. P. 50.

### B. *Motion for New Trial*

Defendant asks, in the alternative, for the court to grant a new trial. *See* [DE 125]. The court declines to do so. Defendant's arguments are the same as above, specifically, that the court misinterpreted North Carolina law regarding coverage under "all-risk" insurance policies, there is no issue of triable fact regarding coverage of the Snow Claim under the Policy, and Wake Chapel

failed to meet its burden as to damages. [DE 125]; [DE 140].

The court will not revisit its previous interpretations of North Carolina insurance coverage law. *See, e.g.*, [DE 53]. That leaves Defendant's fact-specific arguments regarding coverage of the Snow Claim and damages considering the court's greater discretion under Fed. R. Civ. P. 59. *See Cline*, 144 F.3d at 301.

Although this court may weigh the evidence and assess credibility when determining whether a new trial is necessary, other courts have cautioned that credibility determinations and weighing of evidence are best left to the factfinder. *See Benson v. Thompson Cadillac-Oldsmobile, Inc.*, No. 5:04-CV-237-F(1), 2006 WL 8438575, at *9 (E.D.N.C. July 18, 2006), *aff'd*, 287 Fed. Appx. 249 (4th Cir. 2008) (citing *Collier v. Budd Co.*, 66 F.3d 886, 893 (7th Cir. 1995). The jury did not make any unreasonable credibility assessments and greater injustice may be done if the court substitutes its own assessments and inferences for that of the jury and ordering a new trial. *See TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981) (stating that when ruling on a motion for new trial "[c]ourts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are reasonable") (quotations omitted). Thus, even though the court may not have drawn the same inferences or made the same credibility determinations, the jury's findings and determinations were not inherently unreasonable and should not be disturbed.

Accordingly, the court will not order a new trial.

## IV. Conclusion

Based on the foregoing, the Motion is DENIED.

SO ORDERED this 31st day of March, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE